White, J.
The first error alleged arises on the overruling of the demurrer to the petition.
Although two grounds are stated for the demurrer, yet no defect is claimed to exist in the petition other than its failure to show legal capacity in the plaintiff to maintain the action.
At common law, a corporation, when it sues, need not set forth its title in the declaration; but if issue be taken, it must show, by evidence upon the trial, that it is a body corporate, having legal authority to make the contract which it seeks to enforce, if the action be upon contract, or to sue in that character and capacity in which it appears in court. Bank of Michigan v. Williams, 5 Wend. 482.
In Lewis v. The Bank of Kentucky, 12 Ohio, 151, the rule is laid down, that, in suits brought by corporations of our own state, the court will take judicial notice of their capacity to sue; while those claiming to be foreign corporations must prove their corporate character under the general issue.
But if no issue were taken, their capacity to sue would, of course, be admitted.
Under the code, in order to raise the question on demurrer, the incapacity must appear on the petition. If it does not so appear, the objection may be made by answer, and if not so taken, the objection is waived.
The code does not require the title of the plaintiff to sue to be more specifically set out than was required at common law. The demurrer was therefore properly overruled.
The second ground of error is that the items in the account, charging the defendant with the price of the six sewing-machines, were not proper subjects of account; that the articles were not, in fact, sold by the plaintiff to the defendant.
But under the state of the pleading, this objection can *566 not avail. The only defense set up against these charges* was the plea of payment. This plea admits the sale and' delivery of the articles.
The remaining ground of error is that nothing was allowed to the defendant under his plea of set-off as commission on account of the machines sold by the plaintiff in Hancock county.
The claim set up in the plea is for money had and received by the plaintiff for the defendant’s use. Under this plea, defendant was not entitled to recover damages arising from the breach of an express contract. Proofs of such damages would not support the plea. Nor was he entitled to commissions on such sales, for the reason that the sales were neither made by him, nor under the contract.
That the making of the sales by the plaintiff, during the' continuance of the agency, was in violation of the agreement, we do not doubt. But no actual damages were-proved, and tbe failure of the court to allow nominal damages, which would not affect the costs, constitutes no grounds for reversal.
Had it been shown that the plaintiff realized profits from the sales, such profits might, perhaps, have been recoverable by the defendant as damages, in analogy to the rule adopted in patent-right and trade-mark cases. Graham v. Plate, 40 Cal. 593. But, as already remarked, there was no -foundation laid for such recovery in the pleadings or proofs.

Leave refused.

Welch, C. J., Rex, Gilmore, and McIlvaine, JJ., concurred.